BENJAMIN H. SPENCE *v.* ALONZO WATERS.

*(May* 26, 1938.)

HARRINGTON, J., sitting.

*William H. Foulk* and *William S. Satterthwaite* for plaintiff.

*Joseph D. Craven* for defendant.

Superior Court for New Castle County, Action on the case for negligence, No. 222, September Term, 1937.

HARRINGTON, J.

■ In *Byrne v. Schultz, Incorporated,* 306 Pa. 427, 160 *A.* 125, the Supreme Court of Pennsylvania in commenting on the same principle said [page 126]:

"The law only makes obligatory the rule of common sense regarding the duty of a driver at the intersection of streets, where traffic is very dangerous because conflicting. He must be vigilant, must exercise a high degree of care, must have his car under complete control, and must look, and see what is visible, before attempting to cross an intersecting street. This duty has not been relaxed by the introduction of traffic officers and signals, both of which are intended to facilitate traffic and render crossings less dangerous. The driver has the help of the officer or mechanical device, but cannot dispense with due care on his part by relying on them solely. He is still bound to the same degree of care as before the introduction of these modern aids to travel. He must recognize them, and obey them, but he cannot use them under any circumstances to eliminate the exercise of due care on his part. The signal to cross is not a 'command to go, but a qualified permission,' and the qualification is 'to proceed lawfully and carefully,' as a prudent man would under the circumstances, [see, also, 2 *Blashfield's Cyc. of Automob. Law, Permanent Ed.,* § 1005] which certainly requires looking to the right and left before entering upon the intersecting street. To hold otherwise, and as contended by defendants, would be to relieve drivers from vigilance and careful driving at street intersections, and license them to drive blindly where traffic is most dangerous. It would greatly increase the peril in street crossings for both pedestrians and motorists."

■ But a car having started to cross an intersecting road in accordance with the signal light is entitled to complete the crossing notwithstanding a change in lights. 5 *Amer. Jur.* 671.