JAMES ODGERS, Adm. of John C. Hollis, Deceased, v. GEORGE C. CLARK.

(*March* 20, 1941.)

TERRY, J., sitting.

*Horace G. Eastburn* for plaintiff.

*David F. Anderson* for defendant.

Superior Court for New Castle County, No. 86, January Term, 1941.

TERRY, Judge.

█ █ It is a well recognized rule of law that the duty rests upon the operator of a motor vehicle to always keep and maintain a proper lookout for persons, vehicles and the property of others upon any and all highways and streets of this State, and by this is meant that the duty of looking implies at all times the duty to see what is in plain view or sight, unless some reasonable explanation is offered, and it is negligent not to see what is clearly visible where there is nothing to obscure the vision of a driver, for the driver of a motor vehicle is not only required to look, but he must look in such a careful and prudent manner as will enable him to see the things which a person in the exercise of ordinary care and caution would see under like circumstances.

█ From the testimony of the defendant above, it is quite clear that he did not meet the requirements of the principle above stated, in that he had an unobstructed view north on Second Street from the eastern edge of said intersection on Washington Street for a distance of more than one hundred feet as he approached and entered this intersection. Yet, notwithstanding that fact, he did not see the vehicle being operated by the deceased. The testimony of the defendant, based upon the principle of law above expressed, clearly establishes negligence on his part.

The question, therefore, to be determined is, Was the deceased, at the time of the accident, guilty of contributory negligence?

John C. Hollis died as a result of this accident. His lips have been sealed. He cannot speak. Would it not be unfair in the administration of justice to permit a jury to enter into a field of conjecture to the extent asked by the defendant? Courts have often been confronted with the problem now before me, where the testimony of the defense does not establish contributory negligence on the part of the plaintiff, as to whether or not the jury should be permitted to consider contributory negligence where one of the parties to that accident is killed or dies as a result therefrom.

 There is a presumption of law that a person who is killed by reason of an accident, as herein, was at the time of said accident in the exercise of due and proper care, which simply means that he exercised that degree of care and caution that was required of him for the prevention of the said accident. The reason for this presumption in favor of the deceased is based upon the fact that his lips have been sealed by death, and he cannot speak and tell what he did with reference to the circumstances of the accident.

 Courts should be most careful in granting such a motion as is now before me under this rule, as it is a presumption only, and, if any testimony is offered that could be construed by the jury to rebut or remove the presumption, then the evidence should be given to the jury for it to reach its determination thereon. *Gray, Adm'r, v. Pennsylvania R. R.,* 3 *W. W. Harr.* (33 *Del.*) 450, 475, 139 *A.* 66.

In the case before me there is no evidence that has been

tendered by the defendant that could be construed by the jury to rebut the presumption above stated; therefore, it must be presumed that the deceased was operating his automobile south on Second Street into and across said intersection of Washington and Second Streets, aforesaid, in a careful and prudent manner free of any negligence whatsoever.

▇ Based upon the above presumption of law, and the inability of the defendant to rebut or remove said presumption, a verdict was directed in favor of the plaintiff, and the jury was instructed as to the manner in which it should arrive at the amount of damages due the plaintiff under said verdict.