Koehler *v.* Schwartz, Appellant.

Argued May 23, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*George F. Coffin, Jr.,* with him *Richard D. Grifo, Raymond J. DeRaymond and Coffin & Grifo,* for appellants.

*Everett Kent,* with him *S. Maxwell Flitter,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, June 27, 1955:

This is an appeal from judgment of the Court of Common Pleas of Northampton County entered upon a verdict for the plaintiff following a trial having to do with an accident which occurred on February 16, 1951, at the intersection of Broad and Belvidere Streets in Nazareth, when the plaintiff's car proceeding forward with a green light in its favor was struck by the defendant's trailer-truck which was moving against a red light.

It is the contention of the defendant C. F. Schwartz that although the driver of his trailer-truck was negligent, he is nonetheless entitled to judgment n.o.v. because the evidence showed that the plaintiff Koehler was guilty of contributory negligence. The Trial Judge in a charge to which no exception was taken specifi-

cally directed the jury's attention to the subject of contributory negligence by affirming the following points: "1. It was the duty of Plaintiff upon reaching the intersection to look first to his left and then to his right to observe traffic upon the intersecting highway." "2. A right of way is a qualified right, and a Plaintiff driver who possesses that right, but who fails to heed ordinary precautions regarding observation of other vehicles, their speed, control or other factors of which his senses warn him, is guilty of contributory negligence as a matter of law." "3. Blind reliance on a favorable traffic signal is fatal to recovery." "4. It was the duty of Plaintiff to obey the laws of Pennsylvania in the operation of his motor vehicle and to have his vehicle under control as he entered the intersection, so as to be able to stop within the shortest possible space at the first sign of danger, and if his lack of control in any way contributed to the accident, he is guilty of contributory negligence and cannot recover."

In the consideration of an appeal following the denial of a motion for judgment n.o.v., where the jury has found the defendant negligent and the plaintiff free of contributory negligence—because both questions were submitted to them for their deliberation—the plaintiff is entitled to have the evidence examined in the light most favorable to him and all conflicts arising therefrom resolved in his favor: *Foley v. Reading Company,* 348 Pa. 485; *Habel v. Longenecker,* 169 Pa. Super. Ct. 146. Keeping in mind the criteria indicated in these cases and others on the subject we find from a reading of the record that the plaintiff Koehler did all that was required of him by the law. He had a green light and he proceeded ahead under the protection of that green light. His speed was extremely conservative, namely, about 15 miles per hour.

The defendant, on the other hand, drove his big trailer-truck carelessly and recklessly. He ignored the red light which warned him to stop, he proceeded to turn to the left without warning and struck the plaintiff's car already in the intersection.

The plaintiff had no way of anticipating that the driver of the trailer-truck would not only defy a control signal but that he would deflect his course. It is true that a motorist with a green light in his favor is not authorized to proceed into a highway crossing if a car is there before him, no matter how negligently he got there. But this does not mean that before he may proceed into an empty intersection he must speculate on what another motorist may do when there is no indication that the other motorist intends to disobey the law of the road.

Before entering the intersection the plaintiff here looked to the left and then to the right. No traffic was approaching from either direction and the intersection was clear of traffic. When he looked to the left he could see 150 feet. He could not then anticipate when he was directing his attention to the other approaches to the intersection that the defendant would come up and in defiance of a red light head into the intersection. The law recognizes the extent and limitations of a normal man's vision. He cannot simultaneously look in four different directions. Having exercised the care of a reasonably prudent person he cannot be held accountable for the actions of a motorist who deliberately flouts the warning of a red light and drives ahead in utter disregard of the rights of others lawfully and properly within an intersection.

The defendant in his brief quotes the syllabus from *Byrne v. Schultz*, 306 Pa. 427, as follows: "Where the driver of an automobile enters an intersection with the signals in his favor, but neglects to look to the right or

left, and is hit by another automobile crossing the intersection, he is guilty of contributory negligence as a matter of law."

But it will be noted that the quotation states that contributory negligence will be declared when the driver "neglects to look to the right or left." In the case at bar the plaintiff *did* look both to the left and the right.

What was said in the case of *Zurcher v. Pittsburgh Rwys. Co.*, 353 Pa., 212, 215, could well be said here: "There is nothing in the evidence from which a court could conclusively find as a matter of law that the plaintiff exercised his right of way carelessly. The facts, as concluded by the jury's verdict, show that the plaintiff, having the authorized 'go' signal in his favor, approached and entered upon the crossing in a careful manner. No person or other vehicle was in the way of his indicated travel. Traffic at the intersection being regulated by positive signals municipally established and maintained, the plaintiff had a right to assume that traffic on the cross street would obey the red light (there showing) and come to a stop before entering the intersection."

Judgment affirmed.