CATHERINE McKEOUGH, Plaintiff, v. RUSSELL G. WITMAN, JR., Defendant.

(*October* 17, 1956.)

LAYTON, J., sitting.

*Frank J. Miller* and *John S. Walker* for the Plaintiff.

*William H. Bennethum* for the Defendant.

Superior Court for New Castle County, No. 261, Civil Action, 1955.

LAYTON, J.:

From the depositions and affidavits accompanying this motion, it is conceivable that a jury might find the following facts. Plaintiff was attempting to cross Philadelphia Pike (a four-lane, heavily traveled road) at night, 119 ft. north of an intersection at which she could have crossed with the safety afforded by a traffic light. As she started from the east side of the Pike, northbound traffic to her left was stopped at this light but southbound traffic approaching the light was clearly visible. Plaintiff

got to within 6 ft. of the middle line of the Pike without looking north. For the next 6 ft., she may have looked north for a sufficient period[1] to see defendant's southbound car approaching from her right. At the middle of the Pike, she proceeded on at a trot and continued to look south or straight ahead until struck by defendant's southbound car about 3 ft. from the westerly curb of the Pike. Plaintiff is unable because of amnesia to remember the events immediately preceding the accident or the accident itself.

Defendant was driving south with his lights dimmed. The area was lighted from Hearn's Market, a drug store, one street light 119 ft. away and another almost immediately across the street from the point of impact as well as from the headlights of cars proceeding in both directions. Defendant was not blinded by the glare of the headlights. There was nothing obstructing his vision. He was proceeding between 40 M.P.H. and 50 M.P.H. in a 40 mile zone. He did not see plaintiff as she walked across the northbound lanes of the Pike but first saw her as she was trotting across the center of the highway. When he first saw her, he hesitated momentarily before applying his brakes. His car skidded as much as 61 ft. after he applied his brakes.

It is defendant's contention that, as a matter of law, he was free of any negligence or, as an alternative, that plaintiff was guilty of contributory negligence.

Under Rule 56(c) of this Court, *Del. C. Ann.*, defendant is entitled to summary judgment only if he establishes that there is no genuine issue as to any material fact and that on the unquestioned facts he is entitled to judgment as a matter of law.

" 'It is only in clear cases where the facts are undisputed and but one reasonable inference can be drawn from them that

---

[1] A single witness saw her start across the street looking south. When she got to within 6 ft. of the middle of the street, this witness looked away for a moment. When he looked again, she was trotting across the middle line of the street looking south and continued directly into the path of defendant's southbound machine.

courts can declare as a matter of law a party guilty of contributory negligence.' " *Kent v. Parker*, 8 *Terry* 151, 89 *A.* 2d 133, 134.

■ As to defendant's contention that, as a matter of law, he was free of negligence little need be said. The duty cast upon the driver of every machine to keep a vigilant lookout and constantly maintain his car under proper control, taken in connection with the conflict as to whether defendant was exceeding the speed limit and the length of his skid marks, would, without else, justify the submission of the case to a jury.

Whether or not plaintiff herself was guilty of contributory negligence as a matter of law is a more difficult question. Defendant maintains strenuously that she was from the mere fact of electing to cross where she did instead of walking 120 ft., pushing a traffic control button[2] on the telegraph pole and crossing in comparative safety.

■ Yet, unwise as such a decision may have been, defendant is unable to point to any specific statutory duty imposed on pedestrians to cross only at defined intersections. The jury could find from other evidence that pedestrians constantly crossed at this exact spot because Hearn's Market (to which plaintiff was proceeding when injured) maintained a parking lot for customers immediately across the Pike. Upon reflection, I conclude that the question of plaintiff's contributory negligence in this respect is for a jury.

■■ Whether she was negligent as a matter of law in failing to keep a lookout presents a closer question. The uncontradicted evidence is that a witness observed her during the entire period of her crossing except for about 6 ft. During that time, she failed to look north towards defendant's oncoming car. But for a space of 6 ft., while this witness was not watching her, plaintiff may have looked to her right, seen defendant's

---

[2]Plaintiff knew that such a button was located on the pole at this crossing. It turned the traffic light red. In fact, she had crossed the street in this fashion on a previous occasion.

approaching machine and, using poor judgment, tried to cross in front of it. From what happened, a fairly strong inference might be drawn that she never looked at all. But this is not the only reasonable inference. As just observed, she may have looked for a brief moment and misjudged the rate of defendant's approach. If she did, it becomes a jury question whether she was negligent. *MacKelvie v. Rice,* 92 *N. H.* 465, 32 *A.* 2d 818; *Harrington v. Pugarelli,* 344 *Pa.* 204, 25 *A.* 2d 149; *Olsen v. Genalski,* 121 *Conn.* 340, 184 *A.* 876; *Pochi v. Brett,* 319 *Mass.* 197, 65 *N. E.* 2d 195; *Burton v. Yellow & Checker Cab & Transfer Co.,* 283 *Mich.* 384, 278 *N. W.* 106; *Lang v. Barry,* 71 *Cal. App.* 2d 121, 161 *P.* 2d 949.

The same presumption of due care to which plaintiff would be entitled had she died as a result of this accident, *Odgers v. Clark,* 2 *Terry* 232, 19 *A.* 2d 724, should be applicable in a case where she is suffering from amnesia and unable to remember the events preceding it. *Cyclopedia of Automobile Law & Practice, Blashfield* 9 *B,* Sec. 6051, *P.* 495.

I am unable, then, as a matter of law to say that plaintiff was contributorily negligent. Defendant's motion for summary judgment is denied.