## Galvin *v.* Einwechter, Appellant.

Argued June 18, 1958. Before Rhodes, P. J., Gunther, Wright, Woodside, Ervin, and Watkins, JJ. (Hirt, J., absent).

Before Brown, P. J.

*J. Webster Jones,* for appellant.

*Edward J. Marcantonio,* with him *Stephen M. Feldman, Joseph G. Feldman,* and *Feldman & Feldman,* for appellee.

Opinion by Wright, J., September 11, 1958:

On January 29, 1955, at the intersection of Chester Avenue and 54th Street in the City of Philadelphia, there was a collision between a Ford automobile owned

and operated by Roy Galvin and a Cadillac ambulance operated by Raymond Einwechter. Galvin instituted a trespass action against Einwechter for personal injuries and property damage. At the conclusion of the trial Einwechter presented a point for binding instructions which was refused. The jury returned a verdict in favor of Galvin. Einwechter then filed a motion for judgment n.o.v. This motion was overruled and judgment was entered on the verdict. Einwechter has appealed. The factual situation appears in the following excerpt from the opinion of the court below:

"At the trial, plaintiff testified that on January 29, 1955, at about 5:45 p.m., he was operating his automobile west on the north side of Chester Avenue, Philadelphia. When he was about fifty feet from the intersection of Chester Avenue and 54th Street, he saw that the traffic light signal controlling the intersection was green for traffic to proceed on Chester Avenue. When he was at the curbline, the light was still green. Plaintiff testified that he looked in both directions before he proceeded into the intersection. He said that he could see some seventy-five feet north on 54th Street, and that he saw no vehicles in that distance except a bus, which was stopped at the northwest corner of 54th Street and Chester Avenue. Plaintiff was traveling at the speed of about twenty miles per hour as he approached 54th Street, and he touched his brake as he looked to both sides prior to entering the crossing. He looked again as he started to cross. When plaintiff was about twelve feet into 54th Street, he saw two large headlights almost at the door of his car coming from the north on 54th Street. He tried to turn to avoid a collision but was unable to do so. His car was struck by an ambulance operated by defendant and was turned into the path of a trolley car coming east on Chester Avenue. After being struck by the trolley car, plain-

tiff's car was pushed into a pole on the southwest corner. He heard no signal given by the ambulance".

Appellant's sole contention is that Galvin was chargeable with contributory negligence as a matter of law. He argues that Galvin crossed the intersection directly in front of the ambulance, which he did not observe and did not look for "as he is required, i.e. left and then right, and then right before going into the southbound lane while he is in position and control of his car so as to be able to stop for traffic from his right".

The difficulty with appellant's contention is that it fails to accord any significance whatever to the important circumstance that Galvin had entered the intersection with the traffic light in his favor. If the light was green for traffic on Chester Avenue, it was red for traffic on 54th Street. Galvin was warranted in assuming that motorists on the latter street would not violate the law by proceeding into the intersection against the red light: *Taylor v. Mountz*, 387 Pa. 321, 127 A. 2d 730; *Gross v. Smith*, 388 Pa. 92, 130 A. 2d 90. In the words of Judge WOODSIDE in *Jordan v. Kennedy*, 180 Pa. Superior Ct. 593, 119 A. 2d 679: "Although one approaching a street intersection must always be vigilant, he cannot be held to the same high degree of care at an intersection with a traffic light giving him the right of way as at an intersection where there is nothing to regulate the right of way. He need not approach an intersection with a green traffic light quite so slowly, nor look so continuously for approaching traffic, first because he has a right to assume traffic on the intersecting street will stop for the red light and secondly because he must divide his attention between approaching traffic and the light". See also *Cericola v. Redmon*, 182 Pa. Superior Ct. 19, 124 A. 2d 417.

The factual situation in the instant case is markedly similar to those in *Koehler v. Schwartz*, 382 Pa. 352, 115 A. 2d 155, and *Smith v. Flannery*, 383 Pa. 526, 119 A. 2d 224, in which the Supreme Court held that the question of contributory negligence was solely for the jury. The cases of *Dandridge v. Exhibitors Service Co.*, 167 Pa. Superior Ct. 143, 74 A. 2d 670, and *Ratcliff v. Myers*, 382 Pa. 196, 113 A. 2d 558, principally relied upon by appellant, can be readily distinguished. The operator of a motor vehicle approaching an intersection with a traffic light in his favor is under no obligation to look all the way down the intersecting street to ascertain whether or not some motorist is coming at a reckless rate of speed which will carry him across the intersection in defiance of the warning: *Kline v. Kachmar*, 360 Pa. 396, 61 A. 2d 825.

On appeal from the refusal of judgment n.o.v., the evidence must be viewed in the light most favorable to the party having the verdict: *Podjed v. Wolfe*, 183 Pa. Superior Ct. 542, 133 A. 2d 256; *Coradi v. Sterling Oil Co.*, 378 Pa. 68, 105 A. 2d 98; *Beatty v. Hoff*, 382 Pa. 173, 114 A. 2d 173. Contributory negligence will be declared as a matter of law only where it is so clearly revealed that there is no room for fair and reasonable disagreement as to its existence: *McCune v. Ellenberger*, 182 Pa. Superior Ct. 442, 127 A. 2d 791. In the case at bar, we are all of the opinion that the question of contributory negligence was for the jury.

Judgment affirmed.