Goldenberg *v.* Watkins, Appellant.

6

Argued September 16, 1959. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Henry C. McCormick*, with him *Furst, McCormick, Muir, Lynn & Reeder*, for appellant.

*Harry C. Fithian, Jr.*, for appellee.

OPINION BY ERVIN, J., November 11, 1959:

This is an appeal from the refusal of the court below to grant defendant's motions for new trial and judgment n.o.v.

The case arose as the result of an automobile accident which occurred at the intersection of Louisa and Cherry Streets, Williamsport, Pennsylvania. The jury found a verdict in favor of the plaintiff in the amount of $3,984.70, being the out-of-pocket expenses only.

The defendant apparently has abandoned his motion for a new trial and therefore we will consider only the motion for judgment n.o.v.

In considering a motion for judgment n.o.v., the verdict winner must be given the benefit of the evidence which is most favorable to her, together with all reasonable inferences therefrom: *Shaffer v. Baylor's Lake Assn., Inc.*, 392 Pa. 493, 141 A. 2d 583.

On October 22, 1957, a beautiful day, at or about 4:50 p.m., the plaintiff was operating her 1955 Dodge automobile in a westerly direction on Louisa Street at or about its intersection with Cherry Street in the aforesaid city. This was an uncontrolled intersection. The plaintiff looked to her left when she was on the crosswalk and had visibility for approximately a quarter of a block. There was a telephone pole on the southeast corner which partially obscured her vision to the left. The plaintiff saw no traffic coming and, after looking to her right, she continued on into the intersection. After she had passed the middle of the intersection her automobile was struck by the automobile of the defendant, which was being operated in a northerly direction on Cherry Street. The plaintiff's vehicle came to rest two-thirds of the way across the intersection with the front of the defendant's car against the left front fender and door of the plaintiff's car.

As a result of the accident, the plaintiff suffered serious physical injury, including a double fracture of the pelvis.

The cases cited by the defendant are not applicable to the facts in the case before us. In all of those cases, the approaching automobile was visible. However, in the present case the plaintiff could see one-quarter of a block. Defendant's exhibit No. 5 clearly shows a telephone pole on the southeast corner of Louisa Street. The jury could properly infer that the pole obscured the defendant's car at the moment the plaintiff looked to her left. The plaintiff had the right of

way since the defendant was approaching the uncontrolled intersection with the plaintiff on his right. He failed to yield the right of way to the plaintiff.

Before entering the intersection the plaintiff looked to her left and then to her right. She saw no traffic approaching from either direction and the intersection was clear of traffic; therefore she continued into the intersection. She was not required to look in all directions simultaneously: *Koehler v. Schwartz,* 382 Pa. 352, 115 A. 2d 155.

We believe that the plaintiff was not guilty of contributory negligence as a matter of law and that the question was properly left to the jury.

Judgment affirmed.