Patrick J. NOLAN, Administrator of the Estate of John P. McLaughlin, Deceased, Appellant,

v.

Roy W. SULLIVAN, Jr.

No. 15819.

United States Court of Appeals Third Circuit.

Argued Sept. 29, 1966.

Decided Feb. 23, 1967.

Rehearing Denied May 26, 1967.

Harold Leshem, Wilmington, Del., for appellant.

F. Alton Tybout, Wilmington, Del., for appellee.

Before HASTIE, SMITH and SEITZ, Circuit Judges.

## OPINION OF THE COURT

WILLIAM F. SMITH, Circuit Judge.

█ This action for wrongful death was brought by the personal representative of the decedent under the Delaware Wrongful Death Statute, 10 Del.C. § 3704. The trial of the action without a jury resulted in a judgment in favor of the defendant, and this appeal followed. The negligence law of Delaware is applicable in our determination of the substantive issues raised on this appeal. However, where we have found a dearth of local decisions we have assumed that the law of Delaware would be the same as that of Pennsylvania. This assumption seems to be clearly warranted by decisions of the Supreme Court of Delaware.

The decedent was fatally injured late in the morning of July 12, 1964, when a Chevrolet driven by him was struck by an Oldsmobile driven by the defendant at the intersection of Clayton Street and Lancaster Avenue in Wilmington, Delaware. The weather was clear and the roadway was dry. At the time of the accident the traffic was controlled by an automatic signal system. A short time prior to the collision the decedent's vehicle was moving north on the right side of Clayton Street a short distance from the easterly curb, at a speed of approximately 25 miles per hour. The defendant's vehicle was moving east on Lancaster Avenue a short distance from the southerly curb, at a speed of approximately 35 miles per hour. Traffic in the area of the intersection was very light.

As the decedent approached and entered the intersection the traffic light was in his favor and against cross traffic moving on Lancaster Avenue. When his vehicle reached a point well into the intersection, approximately 1 or 2 feet south of the middle line of Lancaster Avenue, it was struck broadside by the defendant's automobile. The damage to the decedent's vehicle extended along the left side from the front door to the rear fender. It is clear from the evidence that the defendant entered the intersection in complete disregard of the traffic signal and without diminishing his speed; in fact, his automobile skidded a distance of 27 feet before colliding with the decedent's vehicle.

█ The trial judge found and concluded that the defendant "proceeding substantially in excess of the speed limit and in the face of a red light was guilty of clear negligence which was the major cause of the accident." However, he found two inferential facts from which he concluded that the decedent had been guilty of contributory negligence. This conclusion, as distinguished from the evidentiary facts leading to it, was one of law reviewable on appeal free of the restriction of the "clearly erroneous" principle embodied in rule 52(a) of Fed. Rules Civ.Proc., 28 U.S.C.A. Gediman v. Anheuser Busch Inc., 299 F.2d 537, 547 (2nd Cir. 1962); Romero v. Garcia & Diaz, Inc., 286 F.2d 347, 355 (2nd Cir. 1961), cert. den. 365 U.S. 869, 81 S.Ct. 905, 5 L.Ed.2d 860, Cf. Philber Equipment Corp. v. Commissioner of Internal Revenue, 237 F.2d 129, 131 (3rd Cir. 1956). The conclusion in this case must be tested by the validity of the standard of care applied by the court in measuring the decedent's conduct.

█ The decedent must be presumed to have exercised reasonable care for his own safety; he must be presumed to have observed for his own protection those rules which would have been observed by a reasonably prudent person under the same or similar circumstances. Keasey v. Pittsburgh & Lake Erie Railroad Company, 404 Pa. 63, 170 A.2d 328 (Pa.Sup.Ct.1961); Newsome v. Baker, 395 Pa. 99, 148 A.2d 906 (Pa. Sup.Ct.1959). The same rule is applicable under the law of Delaware. Odgers v. Clark, 2 Terry 232, 19 A.2d 724 (Del. Super.Ct.1941). The presumption is sufficient in and of itself to negate contributory negligence unless, of course, it

is overcome by a preponderance of evidence to the contrary. Ibid. We are of the opinion that the evidence, viewed in the light most favorable to the defendant, did not overcome the presumption. However, this is not the sole basis of our decision in this case.

We have found no case in which the courts of Delaware have passed on the rules of the road as applied to street intersections controlled by traffic signals. The cases in which they have passed on the application of the rules in somewhat analogous situations follow the law of Pennsylvania. See Williams v. Chittick, 1 Storey 122, 139 A.2d 375 (Del. Sup.Ct. 1958).

■■ It is the established rule that a motorist approaching and intent upon entering an intersection is under a duty to exercise reasonable care for his own safety and that of others using the highway. As he nears and enters, he is required to operate his vehicle at a reasonable rate of speed, to keep it under control, and to maintain adequate observation for other vehicles, including those approaching on the intersecting streets. As the motorist traverses the intersection he must continue his vigilance but common sense dictates that he may not be expected to look in all directions simultaneously. Smith v. United News Company, 196 A.2d 302, 306, 413 Pa. 243 (Pa.Sup.Ct.1964), citing with approval Goldenberg v. Watkins, 191 Pa. Super. 51, 155 A.2d 478 (Pa.Super.Ct. 1959).

■ However, a motorist who enters an intersection on a green light in his favor may not be held to the same standard of care as the driver who enters an uncontrolled intersection. Smith v. United News Company, supra, 196 A.2d 305, quoting with approval from Jordan v. Kennedy, 180 Pa.Super. 593, 119 A.2d 679, 681 (Pa.Super.Ct.1956), wherein the rule is stated as follows:

"Although one approaching a street intersection must always be vigilant, he cannot be held to the same high degree of care at an intersection with a traffic light giving him the right of way as at an intersection where there is nothing to regulate the right of way. He need not approach an intersection with a green traffic light *quite so slowly, nor look so continuously for approaching traffic,* first because he has a right to assume traffic on the intersecting street will stop for the red light and secondly because he must divide his attention between the approaching traffic and the light." (Emphasis added.)

The defendant relies heavily on Spence v. Waters, 9 W.W.Harr. 582, 4 A.2d 142 (Del.Super.Ct.1938), which followed Byrne v. O. G. Schultz, Inc., 306 Pa. 427, 160 A. 125 (Pa.Sup.Ct.1932). The cited cases are easily distinguishable on their facts from the case now before us.

The court below found that the decedent "never stopped or swerved and was looking straight ahead at the moment of impact." From these meager facts it reasoned that the decedent "(a) [E]ither failed to see defendant's car which with the exercise of *extra diligence* could have been seen, thereby calling for a conclusion of contributory negligence; or (b) [H]aving once seen defendant's car, he *failed to follow its progress,* which was obviously fast, and *decide whether it was going to stop at the intersection,* thereby calling for a conclusion of contributory negligence." (Emphasis added.) The inferences were clearly not justified by the probative evidence. The court's rationale was at best conjectural and seemingly accorded little significance to the presumption of due care favoring the decedent and the burden of the defendant to overcome the presumption by a fair preponderance of evidence. The presumption was not weakened by any evidence in the record.

■ We are of the opinion that the court's conclusion as to the contributory negligence of the decedent was induced by an erroneous view of the law. It appears from the findings of fact and conclusions of law that the court attempted to hold the decedent to the high stand-

ard of care which must be observed by a motorist who enters either an intersection not controlled by traffic lights or one that is protected only by warning devices. This was error. Romero v. Garcia & Diaz, Inc., supra; Dale v. Rosenfeld, 229 F.2d 855, 858 (2nd Cir. 1956).

When the decedent approached and entered the intersection on the green light he had the right of way. This, of course, did not relieve him of the duty to exercise reasonable care for his own safety; that is, a degree of care commensurate with the risk. However, in the absence of circumstances which would put a reasonable person on notice of impending danger he had a right to assume that he could traverse the intersection safely and that cross traffic would stop in obedience to the red light against it. Koehler v. Schwartz, 382 Pa. 352, 115 A.2d 155 (Pa.Sup.Ct.1955); Galvin v. Einwechter, 187 Pa.Super. 120, 144 A.2d 471 (Pa.Super.Ct.1958); Jordan v. Kennedy, supra; Cf. Williams v. Chittick, supra; 8 Am.Jur.2d, Automobiles and Highway Traffic, § 742. The decedent was not required to speculate on what the defendant might do when there was no indication that the defendant did not intend to stop. Ibid.

The trial judge seemed to think that the speed of the defendant's vehicle as it approached the intersection was such as to alert the decedent to the possibility of danger. We cannot agree. The speed of the vehicle was in excess of the lawful limit but was not so excessive as to put the decedent on notice that the defendant could not, or would not, stop in obedience to the red light. In fact, it appears from the physical evidence that the defendant applied his brakes as he neared the intersection but too late too avoid the collision.

The court concluded also that under the circumstances existing at the intersection the operation of the decedent's car at a speed of 25 miles per hour, the lawful limit, "amounted to contributory negligence." This conclusion was erroneous. Absent any circumstance which would put the decedent on notice that the defendant would enter the intersection in an unlawful manner, the decedent had a right to proceed without abating the speed of his vehicle. Smith v. United News Company, and Jordan v. Kennedy, both supra; Cf. Williams v. Chittick, supra.

The judgment of the district court will be reversed and the action will be remanded with directions that (1) judgment be entered in favor of the plaintiff, and (2) the court proceed to a determination of the damage issue.

Before STALEY, Chief Judge, and McLAUGHLIN, HASTIE, SMITH, FREEDMAN and SEITZ, Circuit Judges.

## OPINION ON PETITION FOR RE-HEARING

### PER CURIAM.

This matter is again before the court on a petition for rehearing in which the appellee contends that our present decision is in conflict with earlier ones of this court and particularly Wiseman v. United States, 3 Cir., 327 F.2d 701. This contention appears to be predicated on an erroneous interpretation of our present decision.

A decisive factor in this case was the presumption that the decedent, as he approached and entered the intersection, exercised reasonable care for his own safety. We held that the "presumption was not weakened by any evidence in the record." We add, by way of emphasis, that the evidentiary facts on which the court below relied cannot reasonably be found to rebut that presumption. Tested by the standard laid down by the Court in McAllister v. United States, 348 U.S. 19, 20, 75 S.Ct. 6, 99 L.Ed. 20 (1954), the lower court's conclusion that the decedent had been guilty of contributory negligence was clearly erroneous.

The petition for rehearing will be denied.