Phyllis E. **BENNETT**, Widow of John N. Bennett, III, deceased, and Administratrix of the Estate of John N. Bennett, III, deceased, Plaintiff Below, Appellant,

v.

William C. **ANDREE** and Libby McNeill and Libby, a corporation of the State of Maine, Defendants Below, Appellees.

Supreme Court of Delaware.

Oct. 7, 1970.

Bruce M. Stargatt and Ben T. Castle, of Young, Conaway, Stargatt & Taylor, Wilmington, for appellant.

Roger Sanders and Robert G. Carey, of Prickett, Ward, Burt & Sanders, Wilmington, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

PER CURIAM.

The appellant, widow and administratrix of John N. Bennettt, III, brought an action in Superior Court against William C. Andree and Libby McNeill and Libby, Andree's employer, for damages resulting from the collision of a truck driven by Mr. Bennett and another truck driven by Mr. Andree. The jury found for the defendants. The plaintiff below has appealed, alleging error in the charge, in that the trial Judge declined to tell the jury that a presumption of due care existed in favor of the deceased. Instead, he charged to the effect that negligence is never presumed, but must be proven; that the burden is upon the plaintiff to prove defendants' negligence; and that the burden was upon the defendants to prove negligence on the part of the deceased. In an opinion reported in 264 A.2d 353, the trial Judge set forth the pertinent facts and the reasons for his ruling. We agree with his conclusion for the reasons assigned by him.

We think it advisable, however, to note our disagreement with the comment made in the opinion below that "the presumption was treated as evidence" in Odgers v. Clark, Del.Super., 2 Terry 232, 19 A.2d 724 (1941). As we read that case, the significant holding was that there was no evidence whatever to show any negligence on the part of the deceased, but ample evidence to show negligence on the part of the defendant.

The judgment below will be affirmed.