**Charles STAATS, by his Guardian Ad Litem, Shirley STAATS, Plaintiffs,**

**v.**

**Gary Alan LAWRENCE, Defendant.**

Superior Court of Delaware,
Kent County.

Submitted: Jan. 8, 1990.
Decided: Jan. 29, 1990.

Harold Schmittinger and William D. Fletcher, Jr., of Schmittinger and Rodriguez, P.A., Dover, for plaintiffs.

Stephen P. Casarino and Donald Ransom of Casarino, Christman & Shalk, Wilmington, for defendant.

## OPINION

STEELE, Judge.

On August 23, 1983, plaintiff Charles Staats (Staats) fell from a moving motor vehicle and sustained injuries. As a result of these injuries, Staats remembers nothing about the accident. This Court, in an

order dated August 23, 1985, appointed his mother, Shirley R. Staats, as guardian *ad litem*. On behalf of Staats, she filed the present action against the driver of the car, defendant Gary Alan Lawrence (Lawrence). The action seeks compensatory and punitive damages from Lawrence based on the alternative theories of negligence and wanton conduct.

In addition to denying these allegations, Lawrence raises the affirmative defenses that Staats acted contributorily negligently, that Staats engaged in contributory wanton conduct, and that Staats assumed the risk of falling from the car.[1] Lawrence filed the instant motion for summary judgment arguing that the record establishes each of these defenses as a matter of law.

## I. *The Facts*

Viewing the events in the light most favorable to Staats, as this Court must in considering Lawrence's motion for summary judgment, these are the relevant facts:

On the evening of August 23, 1983, Lawrence and a friend, David Kirlin (Kirlin) met Staats at the Smyrna A & P grocery store parking lot. Staats was in his car and the others joined him. They rode around the Smyrna area, with Staats driving, and at least Kirlin and Lawrence participated in consuming two six-packs of beer. It is not clear how many beers, if any, Staats had consumed at this time. The three then returned to a Smyrna liquor store and purchased two more six-packs of beer and a half pint of Jack Daniels whiskey. They then went in Staats's car to Blackbird State Forest. It is not clear how much of the whiskey or beer Staats consumed. At some point during this trip, or possibly earlier however, Staats was feeling "sort of drunk" and asked Lawrence to drive. Lawrence agreed to drive and continued toward the forest with Staats and Kirlin as passengers.

Kirlin then climbed out the rear passenger window on to the roof. He believed at that point Lawrence could have pulled over, stopped the car and refused to drive any further. Then Staats climbed out the front passenger window and onto the roof. While they were climbing out of the car, Lawrence yelled at Staats and Kirlin and asked them what they were doing. He then asked them not to climb out. With the two on the car roof, Lawrence continued to drive at 40–45 miles per hour. He did not initially stop because he was afraid he would throw someone off the roof. About five or six minutes later, Lawrence slowed the car by removing his foot from the accelerator. While the car slowed, Staats lost his grip and fell off the car.

The Delaware State Police investigated the accident and conducted blood alcohol tests on Staats and Lawrence. The reading for Lawrence was .06 and the reading for Staats was "very low." Neither was intoxicated. Lawrence was subsequently convicted of driving an unsafe motor vehicle, driving without a license, and inattentive driving (not reckless driving).

As a result of the fall, Staats received injuries to his head and one side of his body. He was unconscious for six to eight weeks following the accident. His head injuries resulted in a fractured skull, an eighty per cent loss of hearing in his right ear, and seizures. Staats has no recollection of any of the events on the night of the accident.

## II. *The Legal Standard*

The Court's function in passing on a motion for summary judgment is to examine the record to determine whether genuine issues of material fact exist. *See Oliver B. Cannon & Sons, Inc. v. Dorr–Oliver, Inc.*, Del.Supr., 312 A.2d 322 (1973); *Moore v. Sizemore*, Del.Supr., 405 A.2d 679 (1979). If, after viewing the record, the Court finds there are no genuine issues of material fact, summary judgment will be appropriate. 405 A.2d 679; *Pullman, Inc. v. Phoenix Steel Corp.*, Del.Super., 304 A.2d 334 (1973).

---

1. In his answer of January 7, 1986, Lawrence also raised the defense of insufficiency of service of process. His opening and reply briefs do not address this issue. I consider this defense abandoned.

To create an issue of fact, Staats must do more than merely attack the credibility of the declarant whose testimony Lawrence relies upon in support of his motion. Once Lawrence has complied with Civil Rule 56(e), which he has, the burden shifts to Staats to create an issue of fact if one exists through the use of affidavits or other appropriate documents. *Coleman v. Garrison*, Del.Supr., 349 A.2d 8 (1975). Otherwise, the Court is bound to accept Lawrence's assertions as true. *Id.*

### III. *Is Staats's Presence on the Roof at Issue?*

A significant portion of Staats's brief argues that there is a genuine issue about whether Staats ever climbed on the roof of his car on the night of the accident. He argues that the only evidence that he was on the roof comes from the defendant and a friend. Because of his amnesia, he cannot oppose this assertion through sworn testimony. He then points to a line of cases he argues create a presumption that he exercised due care for his own safety. *See generally* Section IV, *infra*, at p. 666–667. He concludes that this presumption creates an issue of fact of whether he was on the roof and, therefore, this Court should submit this issue to a jury.

■ Staats's complaint is fatal to this argument. The complaint alleges twice, in paragraph 5d and in paragraph 6, that "Charles Staats was on the roof of the motor vehicle." This complaint was signed by the two attorneys representing Staats, in compliance with Superior Court Civil Rule 11, and is binding on Staats. *Bruce E.M. v. Dorothea A.M.*, Del.Supr., 455 A.2d 866, 869–871 (1983); *accord Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 194–95 (5th Cir.1988). This allegation contained in the complaint accords with Lawrence's position throughout the pre-trial proceedings and, thus, there is no genuine issue as to whether Staats was on the car roof on the night of the accident.

Staats suggests in his answering brief that he could amend his complaint to dispute the above fact. First, he has not chosen to do so since April 20, 1989, when Lawrence filed his opening brief noticing Staats of the significance of the admissions contained in the complaint. More importantly, this Court's obligation is to rule on the motion for summary judgment on the record before it, and not on some hypothetically different record. *Rochester v. Katalan*, Del.Supr., 320 A.2d 704 (1974).

Furthermore, I find that for the same reasons discussed in Section IV, *infra*, at p. 665–667, even if Staats successfully amended his complaint to deny his presence on the roof, there would still be no genuine issue of fact. The presumption of due care is not evidence and all the evidence in the record indicates Staats was on the roof.

### IV. *Lawrence's Defense of Contributory Negligence*

■ Lawrence argues he is entitled to summary judgment on Staats's negligence claim because Staats acted contributorily negligently as a matter of law. The accident causing Staats's injuries occurred before Delaware's comparative negligence statute became effective, hence contributory negligence would be a complete defense. A plaintiff is contributorily negligent when he fails to exercise reasonable care in protecting himself against a known dangerous condition, *e.g., Franklin v. Salminen*, Del.Supr., 222 A.2d 261 (1966), or when he violates a statute enacted for his own protection. *McKeough v. Witman*, Del.Super., 127 A.2d 234, 236 (1956).

Section 4199A of Title 21 [2] of the Delaware Code proscribes passengers from riding on the roof of a motor vehicle without the driver's consent. Since Staats climbed onto the roof of the car without permission and then fell off, Lawrence argues that as a matter of law, Staats was *per se* contributorily negligent under the principles of both *Franklin* and *McKeough, supra.*

---

**2.** "No person shall ride upon any vehicle without the consent of the driver and when any person is riding with the driver's consent, no

part of the person's body must protrude beyond the limits of the vehicle."

In response, Staats first argues that the issue of who proximately caused his injuries remains for the jury to decide. Kirlin testified he had previously been on the roofs of cars before without incident. Kirlin also testified that between the time he climbed onto the roof and the time Staats climbed onto the roof, there was a sufficiently long time period for Lawrence to pull the car over to the side of the road and stop. I find that these facts do not create a genuine issue of causation.

■ Staats's other argument warrants closer, more detailed consideration. He claims the presumption of due care afforded an amnesiac creates an issue of fact as to whether he was contributorily negligent that the jury must resolve. Lawrence responds that the presumption merely imposes the burden of persuasion on him (which he agrees he had anyway) to prove Staats's contributory negligence. These arguments directly raise the issue of how the presumption of due care affects this motion for summary judgment. For this Court to resolve this issue requires a careful review of the prior case law.

In *Odgers v. Clark*, Del.Super., 19 A.2d 724 (1941), plaintiff administrator brought a wrongful death action against defendant. The defendant claimed the deceased was contributorily negligent in causing the car accident, but he introduced no evidence supporting this affirmative defense. Plaintiff moved for a directed verdict on this defense.

In considering this motion, the *Odgers* court first reasoned that a presumption that the deceased exercised due care for his own safety should vest in favor of the plaintiff because the deceased was ·unable to testify about the circumstances of the accident. The *Odgers* court further observed:

> Courts should be most careful in granting such a motion as is now before me under this rule, as it is a presumption only, and, if any testimony is offered that would be construed by the jury to rebut or remove the presumption, then

the evidence should be given to the jury for it to reach its determination.

*Id.* at 726.

Since the defendant offered no evidence to rebut the presumption, the court directed a verdict in favor of the plaintiff on the issue of the deceased's contributory negligence.

The presumption of due care established in *Odgers* extends to a plaintiff who has no recollection of the accident causing his injuries. *Wagner v. Shanks*, Del.Supr., 194 A.2d 701 (1963).

Staats also relies on Rule 301(a) of the Delaware Uniform Rules of Evidence, which provides as follows:

**RULE 301. PRESUMPTIONS IN GENERAL IN CIVIL ACTIONS AND PROCEEDINGS.**

(a) Effect. In all civil actions and proceedings not otherwise provided for by statute or by these Rules, a presumption imposes on the party against whom it is directed the burden of proving that the non-existence of the presumed fact is more probable than its existence.

Rule 301(a) places on Lawrence the burden of persuasion on the issue of Staats's contributory negligence. In addition, Staats emphasizes the comment to Rule 301(a), which states that Delaware rejects the "bursting bubble" rule. The bursting bubble rule holds that the evidentiary weight of the presumption vanishes once the opposing party introduces any evidence that rebuts the presumption. One Delaware case suggests that not only does Rule 301, as interpreted in the comment, shift the burden of persuasion, but creates a factual issue that the finder of fact must resolve. *Oberly v. Howard Hughes Medical Institute*, Del.Ch., 472 A.2d 366, 388–90 (1984) (discussing the effect of a presumption that corporate by-laws were properly adopted in the face of indirect contrary evidence). Staats concludes that *Odgers* and Rule 301(a) require the issue of his contributory negligence to go to a jury.

In addressing this argument, I need look no further than the remainder of the comment to Rule 301(a), which states that Rule 301(a) is consistent with *Bennett v. An-*

*dree,* Del.Super., 264 A.2d 353, *aff'd,* Del. Supr., 270 A.2d 173 (1970) (*per curiam*). In *Bennett,* the plaintiff widow filed a wrongful death action against the defendants for damages arising out of a motor vehicle accident. The trial court in *Bennett* denied plaintiff's request for a jury instruction that the "decedent is presumed to have exercised due care for his own safety." 264 A.2d at 354. After reviewing the prior case law on the presumption of due care, the trial court in *Bennett* concluded that the presumption should not apply where there are witnesses to the decedent's conduct and at least some of their testimony rebuts the presumption. *Id.* at 354–57.

On appeal, the Delaware Supreme Court affirmed the trial court's reasoning and holding. 270 A.2d 173. The Supreme Court went on to state:

> We think it advisable, however, to note our disagreement with the comment made in the opinion below that 'the presumption was treated as evidence' in [*Odgers v. Clark.*] As we read that case, the significant holding was that there was no evidence whatever to show any negligence on the part of the deceased, but ample evidence to show negligence on the part of the defendant.

*Id.*

It appears that some of the language in *Oberly,* 472 A.2d at 388 conflicts with the holding of the Supreme Court in *Bennett.* A Supreme Court ruling supersedes a Chancery Court ruling. Also, the reasoning of the Supreme Court in *Bennett* accords with the more acceptable theories of the nature of evidence. E. Cleary, McCormick on Evidence, § 344, at 978–79 (3rd ed.1984). Finally, different rules of presumptions reflect different policies and, therefore, only case law involving the same type of presumption should be considered in analyzing the case *sub judice. Id.* at § 344, at 984 & n. 70. Thus, *Oberly* is distinguishable on its facts.

The parties have cited several other cases analyzing the effect of the presumption of due care on behalf of the plaintiff on the defendant's burden of proving con-tributory negligence. After reviewing these and other cases, I am satisfied that while they are not completely consistent with each other, they do result in the same holding when applied to the facts here. *See McKeough v. Witman,* Del.Super., 127 A.2d 234 (1956); *Wagner v. Shanks,* Del. Supr., 194 A.2d 701 (1963); *McGahey v. Swinehart,* Del.Super., 267 A.2d 469 (1970); *see also Bennett,* 264 A.2d at 354–357 (analyzing other previous cases dealing with the presumption of due care).

I conclude that the *Bennett* decisions control here. While Staats has no recollection of the events preceding his injuries, Lawrence and Kirlin were eyewitnesses to his conduct. Their testimony rebuts the presumption of due care in favor of Staats. In fact, all the evidence in the record rebuts this presumption. I hold that any presumption of due care in favor of Staats cannot be considered "evidence" to create an issue of fact, and that the presumption of due care does not apply here to create a genuine issue of fact.

I further hold that Staats's conduct was contributorily negligent as a matter of law. By climbing onto the roof of a motor vehicle traveling at least thirty miles per hour, Staats failed to exercise reasonable care in protecting himself from the danger of falling off the car. His conduct also violated 21 *Del.C.* § 4199A, a statute enacted for his own protection. *See* Section IV, *supra,* p. 665–666, (discussing contributory negligence standard).

### V. *Lawrence's Defense of Contributory Wantonness*

Staats has alleged in the alternative Lawrence acted wantonly. Contributory negligence is not a defense to wanton conduct. *Wagner v. Shanks,* 194 A.2d at 707. Contributory wantonness *is* a defense to wanton conduct. *Gushen v. Penn Central Trans. Co.,* Del.Supr., 280 A.2d 708, 710 (1971). Therefore, this Court must consider whether Staats's conduct constitutes contributory wantonness as a matter of law.

Contributory wantonness exists when a plaintiff, with no intent to cause

harm, performs an act which is so unreasonable and dangerous that he either knows or should know that there is an eminent likelihood of harm which can result. *Id.* at 710; *Wagner v. Shanks*, 194 A.2d at 706–707. A plaintiff who engages in some overt act that recklessly exposes himself to a known danger is guilty of contributory wantonness. 194 A.2d at 706–707. A plaintiff who voluntarily imbibes alcohol, regardless of the quantity, is held to this same standard. *Petrone v. Margolis*, App.Div., 20 N.J.Super. 180, 89 A.2d 476, 480 (1952); *see Moyer v. Grier*, Del.Super., C.A. No. 89C–MR–90, Taylor, J., at 11, 1989 WL 167405 (December 27, 1989); *see generally* 65 C.J.S. *Negligence* § 143 (1966). Participating in a drag race in violation of 21 *Del.C.* § 4172(a) is *per se* contributory wanton conduct. *Federal Kemper Ins. Co. v. Green*, Del.Super., No. 80C–FE–131, Taylor, J. (April 14, 1983); *see also Wagner*, 194 A.2d at 708.

Applying these principles to the undisputed facts here, I hold Staats contributorily wanton as a matter of law. Just before the accident, Staats climbed upon the roof of the motor vehicle without Lawrence's consent. Staats's conduct was unreasonably dangerous and he should have known that there was an eminent likelihood of harm that could result.[3] In addition, Staats's conduct violated 21 *Del.C.* § 4199A, a statute specifically enacted to proscribe the dangerous conduct of riding upon a moving motor vehicle. *See Shotzberger v. Piazza*, Del.Super., 333 A.2d 167 (1975).

### VI. *Lawrence's Defense of Assumption of the Risk*

Lawrence also argues that Staats is barred from recovery because he assumed the risk of the accident that occurred. It is clear that Staats did assume the risk of falling from the motor vehicle by climbing onto the roof. *Federal Kemper Ins. Co. v. Green*, Del.Super., No. 80C–FE–131, Taylor, J., at 12 (April 14, 1983); *see generally* Section V, *supra*, p. 667–668. Assumption of the risk, however, is a defense only

to negligence and not wanton conduct. *Reilly v. Selby*, Del.Super., No. 81C–SE–89, Stiftel, P.J., at 3–4 (Aug. 25, 1982). The *Reilly* court did define the defense of "reckless assumption of risk" which *is* a defense to contributory wantonness. This defense exists when a plaintiff:

1. Knows of the existence of the risk, or is reckless in failing to understand the risk he was taking;

2. Does not avoid the risk, either intentionally or recklessly.

*Id.; Yankanwich v. Wharton*, Del.Supr., 460 A.2d 1326, 1330 (1983). While the standard for this defense is a subjective one in light of the plaintiff's age, maturity, intelligence and experience, there are some risks to which no adult will be believed if he says he did not understand them. *Reilly v. Selby, supra;* Restatement (Second) of Torts § 496D comment d (1965).

In the case *sub judice*, Staats climbed onto the roof of the motor vehicle moving at least thirty miles per hour. The conclusion is inescapable that he did not avoid the risk of harm. Staats cannot deny understanding the nature of the harm involved. I rule that Staats recklessly assumed the risk as a matter of law.

Lawrence also argues that as a matter of logic, Staats cannot prevail in this action. Lawrence posits that because Staats has no memory of the accident, the jury will have to rely solely on the testimony of Lawrence and Kirlin to find the facts. Lawrence argues that if the jury accepts their testimony, then the jury must necessarily find Staats contributorily negligent or wanton, respectively. Lawrence argues in the alternative that if the jury does not accept their testimony, then the jury must necessarily find them not negligent. In light of my previous rulings, I find it unnecessary to reach this argument.

In conclusion, I find Staats contributorily negligent and contributorily wanton as a matter of law, and that he recklessly assumed the risk of the accident that caused his injuries. Thus, he is barred from recov-

---

**3.** While a violation of 21 *Del.C.* § 4199A requires a lack of consent, I find that consent is irrelevant to the unreasonableness of Staats's conduct in climbing onto the roof.

ery on theories of negligence and wanton conduct. Lawrence's motion for summary judgment is granted.

IT IS SO ORDERED.