In Re the Matter of: Monica LONG [1],

v.

Gary WHITE.

No. CS01–04093.

Family Court of Delaware,
Sussex County.

Submitted: April 9, 2003.
Decided: Sept. 29, 2003.

Patrick E. Vanderslice, Esquire, Moore and Rutt, Georgetown, Delaware, counsel for Monica Long.

David C. Hutt, Esquire, Wilson, Halbrook & Bayard, Professional Association, Georgetown, Delaware, counsel for Gary White.

HENRIKSEN, J.

Petitioner, Monica Long ("wife"), filed a Motion for Substitution with the Court on December 17, 2002, requesting that the Court substitute her ex-husband's mother, Gloria White ("mother") as a proper party for wife's late ex-husband, Gary White ("husband"), the named respondent in the divorce between Ms. Long and the now deceased Gary White. Wife's Motion was

---

1. Pseudonyms have been assigned to the par-   ties to protect their identities.

occasioned by reason of her husband's death, which occurred subsequent to the entry of their divorce, but prior to the parties' ancillary hearing.

It is important to note that mother has never applied for or been appointed as the personal representative of husband's estate. It appears, however, that mother, along with father's minor child, are the likely beneficiaries of pension benefits and life insurance policies which became effective as a result of husband's death. While the parties were divorced by decree of the State of Delaware, husband, as well as mother, resided in the State of Maryland. Other than being her late son's mother, and a potential beneficiary of either her late son's estate or on plans, the benefits of which are triggered by her son's death, mother has had no other contacts with the State of Delaware.

On January 21, 2003, mother filed a Motion to Dismiss/Strike and Objection to Motion to Substitute. The Court's Order of February 12, 2003 set a briefing schedule to consider the issues raised by mother's Motion. This is the Court's decision on mother's Motion to Dismiss/Strike and Objection to Motion to Substitute.

### FACTS

On September 4, 2001, petitioner Monica Long, f/k/a Monica White ("wife"), a Delaware resident, filed in the State of Delaware a Petition for Divorce against Gary White ("husband"), a Maryland resident. According to the Petition for Divorce, wife and husband were married on February 14, 1992, and separated on May 1, 1997.

One (1) child was born of their marriage, Georgia Rachel White, born December 23, 1988. On February 6, 2002, the Delaware Court granted wife's Petition for Divorce from husband. Husband had not answered the Petition for Divorce. Jurisdiction of husband, at least as to the granting of the divorce, was acquired pursuant to the sending to and receipt by husband of a copy of the Summons and Petition for Divorce by certified mail, as well as by publication pursuant to Title 13, Section 1508.[2]

At the wife's request, the Court retained jurisdiction over the following ancillary matters: Property division, temporary alimony, permanent alimony and counsel fees. Wife was also allowed to resume her prior maiden name upon the entry of the divorce. On March 28, 2002, wife filed a Motion Seeking Interim Alimony.

On May 21, 2002, Kim DeBonte, Esquire, entered her appearance on behalf of husband, checking the box on the Court's Entry of Appearance which indicated "To the divorce with ancillary matters". On this same date, Ms. DeBonte sent a letter to the Court requesting an extension of time in which to file husband's portion of the Joint Asset Report which is required in all divorces where ancillary jurisdiction, especially property division, is retained. The Court granted the extension. On August 8, 2002, wife's counsel made a letter request for an extension of time to file an Answer and/or request an evidentiary hearing on wife's pending motion for interim alimony. The Court set an evidentiary hearing for October 15, 2002. On August 23, 2002, wife's counsel filed a Motion to

---

**2.** See *Villarroel v. Villarroel*, 562 A.2d 1180 (Del.1989); *Cottone v. Cottone*, 547 A.2d 625 (Del.Fam.1988); and also *Williams v. Williams*, Del.Fam. Ct. File No. CS02–04029 (Sussex) Henriksen, J. (April 24, 2003), wherein the Court distinguished between *in rem* jurisdiction concerning the marital status of a divorce, and *in personum* jurisdiction concerning jurisdiction over the individual spouse. The Court is satisfied that at the time of the entry of the divorce, the Court had satisfactory *in rem* jurisdiction to grant the divorce.

Withdraw Representation, which was granted by the Court by Order dated September 5, 2002.

On October 15, 2002, the date of the scheduled evidentiary hearing on the issue of interim alimony, wife's counsel suggested the death of husband as of September 17, 2002, as evidenced by a certified copy of a Maryland death certificate which wife's counsel submitted into the record. The Court's Order dated October 15, 2002, required, under Family Court Civil Procedural Rule 25(1), that wife file a Motion to Substitute within ninety (90) days. Wife filed a Motion on December 17, 2002, requesting that the Court substitute Gloria White, husband's mother, in all ancillary matters pending before the Court. The Motion was sent to mother by both regular and certified mail. In support of her Motion to Substitute husband's mother in the divorce action, wife's Motion stated that, noting that husband's daughter was a minor, husband's mother *"would be the proper party to represent [husband] in the actions currently pending before the Court."* Also in support of her Motion, wife noted that mother, along with husband's minor child, was one of the beneficiaries on husband's pension, retirement account, and life insurance. There was no allegation that mother was the personal representative of husband's estate.

By letter dated December 20, 2002, Bernard I. Pollack, Esquire, a Maryland attorney, requested and received an extension of time for mother's responses, noting that they were attempting to find Delaware counsel. The Court granted an extension until January 20, 2003.

Having received no opposition to wife's Motion for Substitution, the Court signed an Order on January 21, 2003 substituting mother for husband in the remaining matters ancillary to the divorce. Unknown to the Court at the time it signed its Order,

mother had retained Delaware counsel, David C. Hutt, Esquire. Mr. Hutt had inadvertently filed on January 16, 2003 the present Motion in the Superior Court, rather than in the Family Court. Finding excusable neglect in the misfiling of mother's Motion, and also finding that mother's Motion raised issues that merited consideration, the Court entered an Order on February 6, 2003 which withdrew the Court's previous Order substituting mother for husband. The Court's Order also required the parties to brief the issues raised in mother's Motion.

### ISSUES

Mother's Motion raised three (3) issues. The first issue is whether the Court lacks *in personum* jurisdiction over mother. The second issue is whether mother was properly served with wife's Motion for Substitution or with the suggestion of death. The third issue, filed alternatively, is that the Motion for Substitution should be dismissed for failure to join an indispensable party. In reviewing the parties' respective Memorandums, the Court discerned a fourth (4th) issue. That issue is whether the deceased husband's mother, who is not the personal representative of her son's estate, but who is a beneficiary of either his estate or of benefits triggered by her son's death, is a proper party to the matters ancillary to her late son's divorce action. It is this fourth (4th) issue which the Court finds determinative as to mother's request to be dismissed from the pending divorce-related case.

### LAW AND REASONING

■ Mother has never taken out Letters of Administration to be appointed the personal representative of husband's estate. Therefore, it would not be mother's place to raise the issue whether this Court continues to have jurisdiction over the

matters ancillary to the divorce where husband died subsequent to the entry of divorce, but prior to the ancillary hearing. However, the Court would recommend to the parties, if the issue is raised in the future, that they familiarize themselves with the case of *Husband, C.E.W. v. Wife, H.L.W,* 410 A.2d 1024, (Del.Fam.Ct. 1979). There the Family Court Judge held that the death of one (1) of the parties does not abate a domestic relations proceeding where there has been a final decree but property interests of the parties remain to be resolved. Mother would also not be expected to raise the issue whether the Court had obtained *in personum* jurisdiction over husband to proceed with the matters ancillary to the divorce. However, given the Entry of Appearance by husband's counsel to represent him in matters ancillary to the divorce, the Court believes that an argument to dismiss on this particular issue would likely prove unsuccessful. For the purpose of this decision, however, the Court is going to draw the assumption that it had appropriate jurisdiction over both parties, meaning husband and wife, to proceed with the ancillary matters related to their divorce.

The Delaware Survival statute, Title 10, Section 3701, provides:

> "All causes of action, except actions for defamation, malicious prosecution, or under penal statutes, shall survive to and against the executors or administrators of the person to, or against whom, the cause of action accrued. Accordingly, all actions so surviving, may be instituted or prosecuted by or against the executors or administrators of the person to or against whom the cause of action accrued. This section shall not

affect the survivorship among the original parties to a joint cause of action."

Thus, it is clear that the cause of action which survived to or against husband, upon his death, survived to the executors or administrators of his estate. By reason of the Delaware Survival statute, the personal representative of husband's estate steps into the shoes of the decedent, having the same causes of action the deceased had prior to the decedent's death.[3] Husband's mother in this action has not become the personal representative of husband's estate. As such, she has not stepped into his shoes. Instead, she stands in entirely different shoes, those being the shoes of a beneficiary of some form of benefit which is triggered by husband's death. The role of a personal representative of an estate is entirely different from the role of a beneficiary of the estate, or a beneficiary of a benefit triggered by a decedent's death.

Although wife argued that she moved to substitute mother under the belief that mother would, in fact, open an estate for her son, mother has not done so.

■ Family Court Civil Rule 25(a) provides, in part, *"If a party dies and the claim is not thereby distinguished, the Court may order substitution of the proper parties."* Under the circumstances of this action, where the husband of a marriage had died after the entry of a divorce, but before finalization of the ancillary matters, the proper party to substitute and stand in the husband's shoes would be the personal representative of his estate. Delaware case law has been clear that the authority of the Family Court to define marital property exists *"between the par-*

---

**3.** *Bennett v. Andree,* 252 A.2d 100 (Del.1969); 270 A.2d 173 (Del.1970). See also *Krajewski v. Blair,* 297 A.2d 70 (Del.Ch.1972), wherein the Court quoted American Jurisprudence

with approval and stated that the "executor or administrator is the proper party to assert claims in behalf of a decedent's estate."

*ties, i.e., the husband and the wife only.*"[4] The Family Court does not have the authority to hear or determine claims involving third (3rd) parties unless the third party's due process rights would be infringed by an Order of the Family Court.[5] Although wife may well want to determine when husband signed over to others financial interests that would survive him, and be created by his death, and thereafter perhaps proceed with an action to set aside that transfer to claim the interest in her own name as opposed to the third (3rd) party, such an action must be brought in a different Court.

Thus, it is clear that mother was not a proper party to be joined into this action. For that reason alone, the action as against mother must be dismissed. It therefore becomes unnecessary for the Court to rule on the various additional issues raised by mother's Motion. The Court notes, however, that the review of those issues was related to and helpful for the Court to discern the issue on which this mother's Motion must be decided.

Family Court Civil Rule 25(a) requires that an action be dismissed where a Motion to Substitute has not been filed within ninety (90) days of the suggestion of death. Family Court Civil Rule 6(b) permits the Court in its discretion and for cause shown to extend the time if the request is made before the time period has expired. The Rule also allows the Court to extend the time after the time period has expired where there exists excusable neglect.[6]

■ The Court believes that wife's counsel has acted diligently, and has also pursued in good faith what he believed to be was an appropriate substitution of parties. The Court therefore believes that there is both good cause and excusable neglect to provide for the enlargement of the ninety (90) day substitution period required under Family Court Civil Rule 25(a).[7] By granting an extension of time, this case will be able to proceed on its merits, allowing wife to pursue in the appropriate jurisdiction the appointment of a personal representative for her late ex-husband's estate, and to be sure that proper service of the Motion for Substitution is made on the personal representative.

Delaware law allows, after the passage of time, unrelated individuals to apply for Letters of Administration.[8] Maryland has a similar statute.[9]

Based upon the foregoing,

**IT IS HEREBY ORDERED:**

1. Gloria White, mother to Gary White, deceased, is hereby dismissed from this action as not being a proper party.

2. The ninety (90) day period in which a Motion for Substitution may be

---

4. *Husband C. v. Wife C.,* 391 A.2d 745 (Del. 1978).

5. *Joseph B.P. v. Kathleen M.P.,* 469 A.2d 800 (Del.1983).

6. See *Wilson v. DeMaio,* 1988 WL 130398 (Del.Super.), where the Court declined to extend the time and therefore dismissed the action. See also *Daniels v. Bayhealth Medical Center, Inc.,* 2001 WL 392477 (Del.Super.), where the Court found excusable neglect to exist and allowed additional time to substitute.

7. See *Doherty v. Straughn,* 407 A.2d 207 (Del. 1979), which states, in reference to a similar Rule in the Superior Court, that enlargement of the ninety (90) day substitution period is a matter of "judicial discretion" in determining to allow an extension where the Court finds there has been "excusable neglect".

8. Tit. 12, § 1505(d) and (e).

9. Md. Estates and Trusts Code Ann. § 5–104 (2002).

filed shall commence from the date of the mailing of this Order.