484 A.2d 1390

Gerald J. REILLY, a minor, by William J. REILLY and Elizabeth C. Reilly, his Parents and Natural Guardians, and William J. Reilly and Elizabeth C. Reilly, in their own right

v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY and Vance Zieganfuss and William M. Baker and Bernice S. Baker.

Appeal of SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY and Vance Zieganfuss.

Superior Court of Pennsylvania.

Argued Dec. 15, 1983.

Filed Nov. 23, 1984.

David P. Bruton, Philadelphia, for appellants.

Robert C. Daniels, Philadelphia, for appellees.

Before SPAETH, President Judge, and BROSKY and JOHNSON, JJ.

PER CURIAM:

This case is before us on remand from the Supreme Court. On June 8, 1984, we filed an opinion in which a majority of the panel, Judge JOHNSON dissenting, remanded for an evidentiary hearing to determine whether the trial judge should have recused himself. *Reilly v. Southeastern Pennsylvania Transportation Authority*, 330 Pa.Super. 420, 479 A.2d 973 (1984). We retained jurisdiction. Appellees filed a petition for *allocatur*, and on October 1, 1984, the Supreme Court granted the petition. The case was argued to the Court on October 30, 1984, and by *per curiam* order dated November 8, 1984, the Court "remanded [the case] to the Superior Court for consideration and disposition within twenty (20) days of the date of this Order, ... of the remaining issues not decided by that court on direct appeal." This opinion is written to comply with that order.

Appellant, Southeastern Pennsylvania Transportation Authority, raises two issues as to which the majority of the panel had deferred decision until the case was returned to this court following remand; Judge JOHNSON, in his dissenting opinion, had reached the issues and found them without merit.

■ The first issue is whether the trial judge erred in refusing appellant's request that certain specific questions be asked prospective jurors on voir dire. Appellant sought by the questions to determine whether the prospective jurors were biased against it. Instead of asking appellant's

specific questions, the trial judge tried to determine whether the prospective jurors were biased by asking more general questions. Although the trial judge might well have exercised his discretion otherwise, we do not believe that in exercising it as he did, he abused his discretion. *See Starr v. Allegheny General Hospital,* 305 Pa.Super. 215, 451 A.2d 499 (1982). Moreover, "[i]t is significant, if not dispositive, ... that [appellant] does not assert that the ruling of the trial judge resulted in any prejudice...." *Bentivoglio v. Ralston,* 447 Pa. 24, 31, 288 A.2d 745, 749 (1972).

The second issue concerns the charge to the jury; two errors are alleged.

■ First, appellant argues that it was error for the trial court to charge on appellant's duty of care as a common carrier because when the accident occurred, this duty was not owed to appellee Gerald Reilly. Appellant's argument would be persuasive had the facts been as appellant argues they were. However, the testimony was in conflict on the condition of the place where the bus stopped, and on what Gerald did when he alighted from the bus—whether he immediately ran in front of the bus or first took the cleared path to the sidewalk and then turned back and ran in front of the bus. Whether appellant's duty as a common carrier had ended as to Gerald, or in other words, whether when the accident occurred Gerald had had "a reasonable opportunity to alight and pass out of danger," *Harris v. DeFelice,* 379 Pa. 469, 473, 109 A.2d 174, 176 (1954), depended on how the jury resolved this conflict. Accordingly, it was not error for the trial court to instruct the jury on appellant's duty as a common carrier.

■ Second, appellant argues that the trial court improperly charged the jury regarding Gerald's duty to exercise due care. It is true that the trial court's instruction was not as clear as it might have been. For example, the court stated:

He cannot have a duty to look to his left in anticipation of traffic coming from the wrong direction.

You have to decide,- however, whether or not he did have a duty to exercise or [*sic*] ordinary care to do it under those circumstances. Was he required as was indicated by counsel to swivel his head at that point, so that he could exercise due care for himself? Or in view of the amount of space traversed and the circumstances, did he perform what he was supposed to do under those conditions.

R.R. 583a–84a.

Later, however, the court stated:

The plaintiff did not have a duty to look to his left from where Baker's car came, if he had no reason to look to his left, or to anticipate that any vehicular traffic would be proceeding in the wrong way from that direction.

. In considering whether the plaintiff had any reason to look to his left, you may consider, if you so find, that the bus driver had waved and signaled him to go across, and that that reasonably may have meant—if it happened at all—that the situation was all clear to his left. Nevertheless, all of it is for you to decide.

You may decide that the failure to look to the left for oncoming traffic, even though from the wrong direction, was a failure to exercise due care under those circumstances, and that that was negligence. All of that is part of your ball of wax.

Whether or not there is a duty to look for vehicles approaching from the wrong side of the road depends upon all of the circumstances at that time and must be considered in conjunction with the duty to look in the direction from which traffic is expected.

R.R. 584a–85a.

We believe that this clarified any confusion that may have been created by the court's earlier statements regarding Gerald's duty of care.[1]

---

1. We note that the confusion in the first part of the charge may well have been created by appellees' proposed Point for Charge 23, which was: "A pedestrian, such as minor-plaintiff, Gerald J. Reilly, is not guilty of contributory negligence as a matter of law, by not looking to his left when he need not anticipate any movement from that direction, *Armstrong, et al. v. McGraw*, 115 Pa.Super. 156,

The Supreme Court having retained jurisdiction, we direct the Prothonotary of this court to forward this opinion to the Supreme Court.

175 A. 279 (1934)." This is an incorrect statement of the law. In *Armstrong* it was stated: "[I]f [a pedestrian] looks in one direction, and judging the highway reasonably safe for passage starts across, but is struck by a motor vehicle proceeding along the wrong side of the street, his negligence is not to be decided as a matter of law but should be left to the jury." *Id.*, 115 Pa.Superior Ct. at 162, 175 A. at 281 (citations omitted). In the end, here the court did leave the issue of Gerald's negligence to the jury.