## Swartz v. Housler

C.P. of Cameron County, no. 93-621.

*Paul J. Malizia,* for plaintiff.
*Norbert Powell,* for defendant.

ROOF, *P.J.,* February 5, 1997—Presently before the court for disposition is plaintiff's motion for delay damages to which the defendant objects.

## STATEMENT OF FACTS/PROCEDURAL HISTORY

On May 11, 1991, plaintiff was injured as a result of defendant's vehicle leaving the highway and driving into plaintiff's living room. Plaintiff commenced this action by complaint filed on February 19, 1993. Jury trial commenced on September 12, 1996, after which a verdict was returned in favor of plaintiff in the amount of $77,500. Prior to trial, several offers of settlement were made by the defendant but none were accepted. The most recent offer was made on September 9, 1996, for $20,000. Plaintiff timely filed his request for delay damages on September 17, 1996.

## DISCUSSION

Rule 238 of the Pennsylvania Rules of Civil Procedure allows for delay damages and states, in part:

"(a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the

amount of compensatory damages awarded against each defendant . . . .

"(2) Damages for delay shall be awarded for the period of time . . .

"(ii) in an action commenced on or after August 1, 1989, from a date one year after the date original process was first served in the action up to the date of the award, verdict or decision. . . .

"(b) The period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any,

"(1) after which the defendant has made a written offer of

"(i) a settlement in the specified sum with prompt cash payment to the plaintiff, or

"(ii) a structured settlement underwritten by a financially responsible entity,

"and continued that offer in effect for at least 90 days or until commencement of trial, whichever first occurs, which offer was not accepted and the plaintiff did not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of . . . the actual cost of structured settlement plus any cash payment to the plaintiff; or

"(2) during which the plaintiff caused delay of the trial."

Simply stated, in certain civil actions commencing on or after August 1, 1989, a plaintiff is entitled to delay damages from one year after the original process up through the time a verdict is rendered excluding any time period where the defendant has made a written offer which continues for at least 90 days or until trial and the plaintiff does not receive a verdict which is

more than 125 percent of the offer *or* where the plaintiff has caused a delay.

This civil action was commenced after August 1, 1989, and is an action seeking to recover monetary damages for bodily injury suffered by plaintiff. Generally, the plaintiff is entitled to recover delay damages from one year after the date original process was first served, which would be March 4, 1994, up to the date the jury returned a verdict in favor of plaintiff on September 13, 1996.

Clearly, the verdict in this case exceeds 125 percent of defendant's last written offer. Though the defendant has not argued to the contrary, we find that subsection (b)(1)(ii) of Rule 238 is not applicable as a means of excluding time in the calculation of delay damages.

The crux of defendant's objection is that plaintiff caused delay of the trial and that he should not be entitled to recover any delay damages. Specifically, it is defendant's position that the plaintiff took no action in the case from May 28, 1993, until November 3, 1995, at which time plaintiff filed a motion opposing the taking of a second deposition of the plaintiff. At the pretrial conference held January 2, 1996, the plaintiff then filed a motion to strike the case from the trial list. A second pretrial conference was held on May 21, 1996, and by order dated July 11, 1996, trial was scheduled for September 12, 1996.

In *Craig v. Magee Memorial Rehabilitation Center,* 512 Pa. 60, 515 A.2d 1350 (1986), the court suspended the provisions of Rule 238 which assessed delay damages against a defendant regardless of who was at fault and stated that "[in] making a decision on a plaintiff's entitlement to delay damages the mere length of time between the starting date and the verdict is not to be the sole criterion. The fact-finder shall consider: the

parties' respective responsibilities in requesting continuances, the parties' compliance with rules of discovery; the respective responsibilities for delay necessitated by the joinder of additional parties; and other pertinent factors." *Id.* at 66, 515 A.2d at 1353. (footnote omitted)

As a result, Rule 238 was modified to its present form to exclude periods of delay caused by the plaintiff, but according to the explanatory comment (1988) following Rule 238, "not every procedural delay is relevant to the issue of delay damages, but only such occurrences as actually cause delay of the trial." Subdivision (b)(2) of Rule 238 only halts the accrual of delay damages during the period(s) of time where the conduct of the plaintiff, or the plaintiff's attorney, impedes the normal progress of the litigation. See *Reilly by Reilly v. SEPTA,* 330 Pa. Super. 420, 479 A.2d 973 (1984), *clarified,* 335 Pa. Super. 488, 484 A.2d 1390, *aff'd in part and rev'd in part on other grounds,* 507 Pa. 204, 489 A.2d 1291. Further, "[delay] which is not caused by either party, but which is due to circumstances beyond the control of any party, such as congestion of the court's docket, is not excluded from the period of time for which damages for delay accrue because during the entire time that the claim is being litigated, the defendant has the ability to earn interest upon the amount of the verdict, decision, or award that is eventually rendered." Goodrich-Amram 2d §238(b): 5. (footnotes/citations omitted)

In the instant matter, plaintiff requested no continuances of record. Plaintiff did file a motion on November 3, 1995, opposing the taking of a second deposition of plaintiff, which motion was denied, and plaintiff also filed a motion on January 2, 1996, to strike the case from the trial list which was also denied. There

is no indication that either motion delayed the trial in any way and this is especially so given the fact that defendant did not conduct a deposition of Dr. Steele until January 2, 1996.

Although there are no docket entries listed between May 28, 1993, and November 3, 1995, it appears from the stipulations filed by both counsel that there was some activity during that time period by both parties in the way of depositions and medical examinations being taken and offers and counter-offers being made as well as other various correspondence. Further, there is no indication in the record nor has defendant argued that plaintiff failed to comply with any discovery rule or discovery request in a timely manner such that delayed trial.

Finally, regarding any perceived delays occurring after January 2, 1996, none can be attributed to the plaintiff. Plaintiff timely requested that the case be listed for pretrial by letter dated March 12, 1996, as per order of court dated January 2, 1996. The matter was listed for pretrial on April 3, 1996, but for some unknown reason was rescheduled and held on May 21, 1996. A trial date was not set at that time but rather was scheduled by order dated July 11, 1996, for September 12, 1996. It is noted that from January 1, 1996, until June 26, 1996, this judicial district was without a full-time president judge, and therefore, any delays occurring during that time period were apparently a result of the unavailability of a senior judge to hear the matter and as such cannot be excluded for purposes of calculating delay damages.

Based on the foregoing, there is nothing of record which indicates that plaintiff or plaintiff's attorney impeded the normal progress of this litigation and plaintiff's request for delay damages for the time period

beginning March 4, 1994, through September 13, 1996, is granted. The total delay damages on $77,500 from March 4, 1994, through September 13, 1996, is calculated as follows:

| DATE | INTEREST RATE | AMOUNT |
|---|---|---|
| 3/4/94 to 12/31/94 | 7% | $ 4,488.63 |
| 1/1/95 to 12/31/95 | 9.5% | $ 7,362.50 |
| 1/1/96 to 9/13/96 | 9.5% | $ 5,184.01 |
| TOTAL DELAY DAMAGES | | $17,035.14 |

We, therefore, enter the following:

### ORDER

And now, January 31, 1997, upon consideration of plaintiff's motion for delay damages and briefs, it is ordered and decreed that plaintiff's motion is granted and the verdict of $77,500 is molded to include delay damages in the amount of $17,035.14 for a total verdict of $94,535.14.